Good morning, Your Honors. May it please the Court, Michael Tanaka, appearing on behalf of Appellant Leon Brown. I'd like to reserve two minutes for rebuttal, if I may. In this case, the District Court imposed a number of improper conditions of supervised release. In this argument, I want to address two of those. One, the prohibition against wearing or possessing items or clothing that may connote affiliation or membership in a particular gang, and the other, the prohibition against wearing or possessing items or clothing that may connote affiliation or membership in a particular gang. And whether he's aware of that. TANAKA Well, that's precisely the problem, Your Honors, that commissioners... BROWN Were you really worried about it? TANAKA You could be worried about it if you get a vindictive or unreasonable probation officer who's looking to cause trouble for this man, yes. It could definitely be a worry. This condition is so broad, it could be interpreted, almost anything would fall within that condition, that the second he gets out of prison, he could be in violation. And, you know, it applies to possession. It applies to wearing anything. Who knows what he's going to walk out of prison doing? Not necessarily that the probation officer's going to be there to snap him up, but the idea that he might be in fear of violating from the moment, literally from the moment he gets out of prison, it does create a real concern. And this is the time to address it. BROWN Counsel, we've heard arguments earlier today about gangs and gang affiliation, people throwing gang signs or wearing gang paraphernalia. Just because somebody wears red or because somebody wears blue, we don't automatically assume that they're a crip or a blood. And so I thought the brief was a little bit over-argued to suggest that merely by wearing a particular color, colored shirt or colored pants, would connote affiliation with the bloods. Doesn't it have to show, don't we have to have some kind of a rule of reason here that would suggest that it's got to be something that says, oh, that's a bandana. I know what this bandana means. I'm not going to walk in this neighborhood when I see people wearing those kinds of bandanas. Or I'm wearing a gang, I'm wearing a pin, or I'm wearing my hat in a particular way. That's precisely the point here, Your Honor. That's the kind of specificity or intent that needs to be built into this condition of supervised release. The condition itself reads, Defendants shall not wear, display, use, or possess any insignia, emblem, button, badge, cap, hat, scarf, bandana, jewelry, paraphernalia, or any article of clothing which may connote affiliation with or membership in various bloods, gangs. Now, I don't know what may connote means, but may connote certainly covers a whole wide range of articles. Now, this red tie or some pin may not actually denote membership in a gang, but it certainly could, may connote membership or affiliation with a bloods gang. And given that if there were some rule of reason here, that would be great, but there is no rule of reason built into that condition. It's solely up to the discretion of the probation officer to determine whether Mr. Brown, when he gets out of prison 15 years from now, is wearing or possessing any paraphernalia or item of clothing that may connote affiliation with the bloods or any other listed gang. How would you suggest that the condition be narrowed? The condition could be narrowed by including something that shows some kind of scienter that relates it to what presumably the policy is behind this condition. Something like the defendant must not wear any clothing with the intent to display gang colors or a defendant must not wear any clothing that the defendant knows denotes affiliation with a particular gang. Something that ties it directly to the harm that's being addressed is what is necessary in this condition. Leaving it so broad as may connote affiliation, again, the vice is it leaves it to the probation officer to interpret that condition, and whatever interpretation the probation officer gets, that's going to have the consequence for Mr. Brown. Now, maybe if he gets into a revocation, he can defend it. He'll get a reasonable judge, and the judge will say, well, you know, I don't think we meant to do that. I don't think his little red pin or his, you know, Arizona T-shirt, he intended to affiliate or associate or throw gang colors here, and I think you're wrong, Mr. Probation Officer. But at least at that time, he's gone through the hassle of a revocation, and who knows? Maybe the judge agrees with the probation officer, and we're back up on the court of appeal here. The time to deal with this is now, and that's absolutely consistent with Ninth Circuit law. Ninth Circuit law says that the time to challenge an improper condition of supervised release is on direct appeal. Irrespective of the law, is this a standard provision? No, this is not a standard provision. It's a special condition of supervised release. I want to make sure I understand your argument, though. You're not suggesting that a condition of this type is inappropriate, just that the way this was worded is too broad. That's correct, Your Honor. Well, when I say it's not a standard provision, I mean in this type of case with gang members, do they generally use this provision, or was this written? I know it's tailored to the individual gang. Other than that, is this a provision that is generally used in gang cases? It's used in two or three times in cases in the Central District. When you've seen it before, was it also made to note? Yes, Your Honor. Okay, thank you. You've got three minutes. Do you want to save them for rebuttal, or do you want to? No, I believe we'll reserve those for rebuttal, Your Honor. Good morning. May it please the Court. I'm Curtis Kinn. I represent the plaintiff, Pelley, in the United States of America here. Starting, then, first with the gang paraphernalia displaying and wearing it. Starting with the Court's earlier comment, this defendant is not getting out for 15 years. There is certain practicality. That makes it worse rather than better, doesn't it? I think, Your Honor, actually— Because you don't have any idea what the gang paraphernalia is going to be like in 15 years. With respect to the construction of the wording, perhaps, Your Honor, and I can get to that. But with respect to whether this condition ought not to be overturned or that it shouldn't be sent back on remand, I think it is better for the government. We are on plain-error review here. The defendant did not object to this. And so the question is, under the fourth prong of Alano, are the judicial proceedings compromised here? And here, where this defendant is getting out 15 years from now, we have no idea whether, in a practical way, this is going to apply to him. And moreover, built into the judicial system under 3583 is the ability for this defendant to go in and move and have the condition modified to tailor him at that time. It cannot be, then, where this exists, that there would be a serious effect on the judicial proceedings and its fairness and integrity. You know, this isn't really a very practical case. You know, if the probation officer or the U.S. attorneys, whoever, is using this kind of provision generally, if it doesn't get resolved in this case, I'm sure that the public defender's office will raise it timely in the next case. I don't know whether you really, maybe you wanted to avoid a court decision, but you really want to consider whether this is a properly drafted provision. That may be right, Your Honor. And in response to your earlier question, this is a provision that is imposed and suggested by the probation officer in cases in which the defendants have shown a gang affiliation predilection. So let me get to the heart of the matter, which is whether this particular provision is overbroad and vague. And perhaps the defendant may connote. I think that may be the problem, Your Honor. Taking a step back, the question is, is the condition itself sufficiently clear? And unlike, which is articulated, I think, by this Court, or by this Court in Guadalajara, is it sufficiently clear so that the defendant knows what's going to get him in trouble or not? And I think it is true that he would know, because it is an objective fact, whether he's possessing or displaying something that either is affiliated and connotes gang membership or does not connote gang membership. Or may connote it. It may not, but it may not, maybe neither is nor not, but in between, it may connote it even though it's not. Yes, Your Honor. And I think the Court has seized upon really the problem here, perhaps, is that may connote is at least a little overbroad. I think, however, when brought into court and tested, because the government does have to prove that what he's wearing, displaying does connote or may connote, that is an objective fact. I think it's not overbroad. I think it puts the defendant on notice of exactly what conduct he can or cannot engage in. And while may may not be the most artful of drafting, I think that it's not vague and overbroad here. And also, in response to the Court's question, if there is any supposed to be any narrowing condition here, I don't think it is that the Court needs to impose some scientor. I think that changes the condition altogether. If anything, if the Court is really troubled by may connote, what the government would suggest, then, is that this is sent back on a very limited remand that may be stricken, because I think the objective is achieved by the condition that he not wear, display, any paraphernalia, that connotes you have an objective fact. What the defendant does or does not wear either will connote or will not connote. Is the government willing to stipulate the strike to the word may from the instruction? I think that would not be unreasonable, Your Honor. I'm not willing to stipulate because I think may connote is still sufficiently not vague. I think it is okay. It is proper. But I do understand the Court's concern with it. And if the Court is that bothered by it, then I think the next most narrow and the most appropriate thing would be to send it down with instructions to strike the may. Why do you say that it would be an overreach for us to imply a scienter requirement? That is, that the defendant has to know that this is connoting gang affiliation. It seems to me that a scienter requirement is consistent with the whole reason for being of the condition in the first place. They're trying to keep this fellow, a longtime affiliate of gangs, away from gangs. If he knows he's wearing clothing that connotes membership in gangs, that's what the district court is trying to avoid by setting this condition. So why wouldn't we just say impose a scienter condition here that the person that has to know he's connoting gang affiliation is the defendant himself? That's an interesting point brought up by the Court. And I think really the scienter requirement is not necessary here. When viewed in conjunction with the other conditions regarding gang affiliation that the defendant has not challenged, there's no knowledge requirement there either, Your Honor. The conditions that bar association with gang members and, moreover, the condition that bars presence in an area known as a gang gathering, there seems to be no and there is no extra knowledge requirement, for example, that the defendant has to know that he's in a particular area affiliating with gang members. Maybe not explicitly, but you're not suggesting if he wandered into an area that he was unfamiliar with and there happened to be gang members there that he would be in violation just by virtue of that? No, and I'm not suggesting that, Your Honor. And that gets back to the original question as one of practicality. I mean, even assuming that there were a probation officer out there who was vindictive and unreasonable, that person is held in check by the district court and, moreover, by the burdens of proof that the government needs to prove that this person is in violation. But I think there is sound policy and good reasons by the district court in this case as well as in others for these conditions to be here. This particular defendant has a long criminal history as well as affiliation with a gang. At the very offense that he was arrested for and ultimately convicted, he admitted at booking that, yes, here I am a member of the Rolling 30s Pierrot Blood Gang, an affiliation with which he had admitted association back when he was arrested back in 1987 for concealed weapons charges. And, in fact, his own body carries these admissions tattooed all about him. There's blood on his stomach, 30s Imperial on his right arm, as well as his gang moniker Termite on his left arm. So this is a defendant whose association with and wearing and displaying of colors, these are the types of conditions I think that are reasonably related to his violation. Would he be in violation simply by having the tattoos? An interesting point, Your Honor. I would not think so. But if he wears a short shirt that shows this tattoo that says blood on it, or he's wearing a tank top or something, would he be in violation of the condition? I would think, again, the rule of reason, as must always be applied in these cases, is one of practicality. Pre-existing tattoos on him, I cannot imagine, would find him in violation, though. I think were he to go out and get other ones, like I'm a Blood in the year, I guess, 2020, when he finally gets out, that may be a different thing, Your Honor. Turning very briefly, then, I think, to the alcohol condition, which wasn't spoken about but a defense counsel did raise, I think it is reasonably related, the bar on alcohol here. He had a lengthy and intense history of substance abuse, generally, as well as with respect to alcohol. Specifically, there are instances in which he lied and was not truthful with probation office about his use of alcohol. In fact, the one time in which he said that he's been abstaining since 1987, the reason for that is that he admitted he was drunk, gone in a fight, was stabbed in the neck and head. I think that alone would be sufficient for the district court to have imposed the ban here. With respect to the payment of drugs and psychiatric treatment as directed by the probation office, I think that that is squarely addressed by this Court's decision in DuPont. I don't think there's any reason for this panel or any ability to revisit that. And finally, the condition requiring drug and alcohol testing is directed by the probation officer. As we admit in our brief, there is error here. The Stevens case came out several months after the condition was imposed. But again, we are on plain error. With respect to the fourth prong of Erlano, whether in fact then the judicial proceedings in fairness and integrity are compromised, that is not the case here. Again, it's because there is an appropriate remedy that exists, one that is built into the judicial system, which is the ability for this defendant, when he gets out 15 years from now, to apply under 3583 to have that condition modified with a maximum number of tests set by the district court. And even then, he would have a little bit of leeway and room because even as the Stevens court noted, there's at least three mandatory tests that are allowed for him upon his getting out. So he even has that much more time in addition to the 14 years to make that motion in the district court. And on this, the government would submit unless there are any questions by the panel. Thank you, counsel. A couple of brief responses. With respect to whether striking the word may from the condition would suffice, the answer is no. And here's the problem. The problem is without some kind of scienter requirement, the condition just stands. First, if you struck may unknowingly, would you acknowledge that it's an appropriate condition? That's much closer, Your Honor. Close enough? Well, the problem, one problem I have with that is that just hypothetically, say he gets out in 15 years, and he goes to Fresno State, and he's a bulldog, and that color is red, and he knows that if he wears this red shirt in the bowling 60s area, it's going to connote gang membership. But if he wears it on campus. Does a bulldog shirt in his area connote gang membership? It very well might, Your Honor. It has a bulldog on it. Well, sometimes just anything that is predominantly red in a gang area could well connote gang membership. That's why people who wander in innocently sometimes get shot for that. The question is, that's the problem with this condition. If a black person gets shot because they're wearing a Fresno State bulldog shirt, I didn't realize that Fresno State caused such passion here in Southern California, but if you know that, then you're probably responsible for not wearing red of any kind. And maybe the condition is so broad. Sure, in the Blizz area, but what if he's out in Fresno? That's totally different. In Fresno, I suspect that it wouldn't connote being a black, would it? Well, I don't know. It certainly might. Counsel, it seems to me that you've undermined the whole thing here. If he's going to get shot for wearing your red tie, then he ought not to wear his red tie in his neighborhood, because there's a possibility that he's going to get shot. And in that case, it apparently does connote affiliation with a gang, and he's, I guess, responsible for not wearing anything that's red. To the extent that he knows that, there's no problem with that. That's a knowingly would solve the problem, it's knowingly. Knowingly would go a long way to solving the problem, Your Honor, and I concede that. If you would be satisfied with knowingly and may, and striking may, then the government would not be unhappy with striking may, but would not like knowingly at it. Two other points with respect to the law of this circuit. One is that this circuit's laws specifically address the necessity for addressing these questions on direct appeal, and that's Weber at 451, F3rd, 556, and Williams, 356, F3rd, 1051. And just a note that this court has also addressed Stephen's error with respect to the plain error problem in Maciel Vasquez, 458, F3rd, 994, and although they found that Stephen's error could not be reached on plain error, we would propose Judge Thomas' dissent in that, which basically argues that any time there's an improper delegation of Article III duties to a probation officer, it constitutes plain error. Thank you, counsel. Case just argued will be submitted. The next case for argument on the calendar is...
judges: Reinhardt, Bybee, Burns